UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

SARAH AHN, BROWN ANDERSON, JINMING CAO, CAITLIN KELMAR, KATHERINE LU, LILY RANDALL, and AI YU ZENG,

Plaintiffs,

- against –

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT ("NYPD") CAPTAIN TIMOTHY WONG, NYPD SERGEANT ANDRZEJ BABIUCH, NYPD OFFICER FRANCIS FORD, NYPD OFFICER FNU RAMIREZ, NYPD OFFICER AYESHA YASMEEN, NYPD OFFICER DAWA SHERPA, NYPD LEGAL BUREAU ATTORNEY JOHN DOE, and NYPD MEMBERS JOHN DOE 1-3,

Defendants.
-----------------------------------------------------------------------------X

**DEFENDANTS' ANSWER TO THE COMPLAINT**

26 Civ. 04495 (MKV)

JURY TRIAL DEMANDED

Defendants City of New York, New York City Police Department ("NYPD") Captain Timothy Wong, NYPD Sergeant Andrzej Babiuch, NYPD Officer Francis Ford, NYPD Officer Cenebio Ramirez, NYPD Officer Ayesha Yasmeen, and NYPD Officer Dawa Sherpa (collectively, "Defendants"), by their attorney Steven Banks, Corporation Counsel of the City of New York, for their Answer to the Complaint filed on May 29, 2026, respectfully allege, upon information and belief, as follows:

## AS TO THE "PRELIMINARY STATEMENT"

1. Deny knowledge and information sufficient to form as belief as to the truth of the allegations set forth in paragraph "1" of the Complaint and respectfully refer the Court to the cited article for its full content and context.

2. Deny knowledge and information sufficient to form as belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

3. Deny knowledge and information sufficient to form as belief as to the truth of the allegations set forth in paragraph "3" of the Complaint and respectfully refer the Court to the cited article for its full content and context.

4. Deny knowledge and information sufficient to form as belief as to the truth of the allegations set forth in paragraph "4" of the Complaint and respectfully refer the Court to the cited article for its full content and context.

5. Deny knowledge and information sufficient to form as belief as to the truth of the allegations set forth in paragraph "5" of the Complaint and respectfully refer the Court to the cited article for its full content and context.

6. Deny knowledge and information sufficient to form as belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny knowledge and information sufficient to form as belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint and respectfully refer the Court to the cited article for its full content and context.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint and respectfully refer the Court to the cited article for its full content and context.

11. Deny knowledge and information sufficient to form as belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Deny knowledge and information sufficient to form as belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint except admit that Plaintiffs purport to proceed as stated therein.

**AS TO "JURISDICTION"**

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Plaintiffs purport to invoke the original and supplemental jurisdiction of the Court as stated therein.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiffs purport to invoke the original jurisdiction of the Court as stated therein.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Plaintiffs purport to invoke the supplemental jurisdiction of the Court as stated therein.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that documents purporting to be Notice of Claims were received by the New York City Comptroller on or about May 28, 2026, respectively.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that this action was commenced on May 29, 2026.

21. Admit the allegations set forth in paragraph "21" of the Complaint.

22. Admit the allegations set forth in paragraph "22" of the Complaint, including all discrete subparts.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that the Comptroller has not settled Plaintiffs' claims in their respective purported Notices of Claim.

**AS TO "VENUE"**

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Plaintiffs purport to establish venue as stated therein.

**AS TO "JURY DEMAND"**

25. Paragraph "25" of the Complaint is a demand for a jury trial and, therefore, no response is required.

**AS TO "PARTIES"**

26. Deny knowledge and information sufficient to form as belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, including all discrete subparts.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York.

28. Deny the allegations set forth in paragraph "28" of the Complaint and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the NYPD.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that on or about February 27, 2025, Captain Wong was employed by the NYPD.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that on or about February 27, 2025, Sergeant Babiuch was employed by the NYPD.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that on or about February 27, 2025, Officer Ford was employed by the NYPD.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that on or about February 27, 2025, Officer Ramirez was employed by the NYPD.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that on or about February 27, 2025, Officer Yasmeen was employed by the NYPD.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that on or about February 27, 2025, Officer Sherpa was employed by the NYPD.

35. Deny knowledge and information sufficient to form as belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny knowledge and information sufficient to form as belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. The allegations set forth in paragraph "37" of the Complaint do not contain averments of fact requiring a response.

38. Deny knowledge and information sufficient to form as belief as to the truth of the allegations set forth in paragraph "38" of the Complaint insofar as they pertain to any unidentified "John Doe" individuals and deny the remaining allegations, except admit that on or about February 27, 2025, Captain Wong, Sergeant Babiuch, Officer Ford Officer Yasmeen, Officer Ramirez and Officer Sherpa were employed by the NYPD; insofar as this paragraph contains conclusions law, no response is required.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

**AS TO THE "STATEMENT OF FACTS"**

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “42” of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “43” of the Complaint.

44. Deny the allegations set forth in paragraph “44” of the Complaint, except admit that there had been protests directed at the Chinese American Planning Council (hereinafter “CPC”) prior to February 27, 2025.

45. Deny the allegations set forth in paragraph “45” of the Complaint.

46. Deny the allegations set forth in paragraph “46” of the Complaint.

47. Deny the allegations set forth in paragraph “47” of the Complaint.

48. Deny the allegations set forth in paragraph “48” of the Complaint.

49. Deny the allegations set forth in paragraph “49” of the Complaint.

50. Deny the allegations set forth in paragraph “50” of the Complaint.

51. Deny the allegations set forth in paragraph “51” of the Complaint, except admit that the NYPD permitted the tent and barriers erected outside of Cipriani Wall Street because CPC had been granted a permit to do so.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “52” of the Complaint.

53. Deny the allegations set forth in paragraph “53” of the Complaint, except admit that the NYPD, including Officer Ford and Captain Wong were present at the picket.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “54” of the Complaint, except admit that eventually over one-hundred picketers were present at the protest.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except admit that the picketers formed a continuously moving picket line on the sidewalk area directly outside of 55 Wall Street.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint, except admit that the NYPD declined to move the barriers erected consistent with the event permit that had been issued for the area of sidewalk they were protesting on.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint, except admit that eventually members of the NYPD brought zip-tie handcuffs in the vicinity of the protest.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that at certain points during the protest, NYPD officers stood in the street.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint, except admit that at around 5:59 p.m., Captain Wong, while using a bullhorn, told the picketers two times that "[they] [we]re blocking pedestrian traffic" and that "if they d[i]dn't move, [they] w[ould] be subject to arrest."

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "68" of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "69" of the Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "71" of the Complaint.

72. Admit the allegations set forth in paragraph "72" of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "73" of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint, except admit that Captain Wong and Officer Yasmeen placed Plaintiff Zeng's hands behind her back and secured them with plastic flex-cuffs.

79. Deny the allegations set forth in paragraph "79" of the Complaint, except admit that Plaintiff Zeng was taken to a police van.

80. Admit the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint, except admit that Plaintiff Zeng was kept in a cell while at the 7th Precinct.

82. Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint, except admit that after several hours Plaintiff Zeng was released from custody.

86. Deny the allegations set forth in paragraph "86" of the Complaint, except admit that Plaintiff Zeng was issued a C-summons to appear on March 18, 2025 in New York County Criminal Court.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint as they pertain to the disposition of any criminal charges and deny the remaining allegations.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny knowledge or information sufficient to form a belief as to the truth of t the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "95" of the Complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "96" of the Complaint.

97. Admit the allegations set forth in paragraph "97" of the Complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "98" of the Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "99" of the Complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Complaint.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Complaint.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint, except admit that Plaintiff Cao was handcuffed with plastic flex-cuffs.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaint, except admit that Plaintiff Cao was put in a police van.

109. Admit the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint, except admit that the zip ties were removed from Plaintiff Cao's wrists.

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Complaint insofar as they pertain to the quality of the clothing Plaintiff Cao was wearing and/or who purchased the clothing and deny the remaining allegations.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint, except admit that at some point Plaintiff Cao was kept in a cell while at the 7th Precinct.

114. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Complaint.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. Deny the allegations set forth in paragraph "116" of the Complaint.

117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the Complaint, except admit that after several hours, Plaintiff Cao was released from custody.

118. Deny the allegations set forth in paragraph "118" of the Complaint, except admit that Plaintiff Cao was issued a C-summons to appear on March 18, 2025 in New York County Criminal Court.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Complaint.

120. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint as they pertain to the disposition of any criminal charges and deny the remaining allegations.

121. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Complaint.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. Deny the allegations set forth in paragraph "123" of the Complaint.

124. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Complaint.

125. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Complaint.

126. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Complaint.

127. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the Complaint.

128. Deny the allegations set forth in paragraph "128" of the Complaint.

129. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the Complaint.

130. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Complaint.

131. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "131" of the Complaint.

132. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Complaint.

133. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Complaint, except admit that Plaintiff Ahn's hands were placed behind her back and handcuffed using plastic flex-cuffs.

134. Deny the allegations set forth in paragraph "134" of the Complaint.

135. Deny the allegations set forth in paragraph "135" of the Complaint.

136. Deny the allegations set forth in paragraph "136" of the Complaint.

137. Admit the allegations set forth in paragraph "137" of the Complaint.

138. Deny the allegations set forth in paragraph "138" of the Complaint.

139. Deny the allegations set forth in paragraph "139" of the Complaint.

140. Deny the allegations set forth in paragraph "140" of the Complaint.

141. Admit the allegations set forth in paragraph "141" of the Complaint.

142. Deny the allegations set forth in paragraph "142" of the Complaint, except admit that at the 7th Precinct, a member of the NYPD removed the flex-cuffs from Plaintiff Ahn.

143. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Complaint.

144. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the Complaint.

145. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Complaint.

146. Deny the allegations set forth in paragraph "146" of the Complaint.

147. Deny the allegations set forth in paragraph "147" of the Complaint.

148. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the Complaint, except admit that after several hours, Plaintiff Ahn was released from custody.

149. Deny the allegations set forth in paragraph "149" of the Complaint, except admit that a C-summons was issued to Plaintiff Ahn to appear on March 18, 2025 in New York County Criminal Court.

150. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the Complaint.

151. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Complaint as they pertain to the disposition of any criminal charges and deny the remaining allegations.

152. Deny the allegations set forth in paragraph "152" of the Complaint.

153. Deny the allegations set forth in paragraph "153" of the Complaint.

154. Deny the allegations set forth in paragraph "154" of the Complaint.

155. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Complaint.

156. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the Complaint.

157. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the Complaint.

158. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the Complaint.

159. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “159” of the Complaint.

160. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “160” of the Complaint.

161. Deny the allegations set forth in paragraph “161” of the Complaint, except admit that members of the NYPD took Plaintiff Randall into the street and placed her in plastic flex-cuffs.

162. Deny the allegations set forth in paragraph “162” of the Complaint, except admit that Plaintiff Randall was put in a police van.

163. Admit the allegations set forth in paragraph “163” of the Complaint.

164. Deny the allegations set forth in paragraph “164” of the Complaint, except admit that at certain points while at the 7th Precinct, Plaintiff Randall was kept in a cell.

165. Deny the allegations set forth in paragraph “165” of the Complaint.

166. Deny the allegations set forth in paragraph “166” of the Complaint.

167. Deny the allegations set forth in paragraph “167” of the Complaint.

168. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph “168” of the Complaint, except admit that after several hours, Plaintiff Randall was released from custody.

169. Deny the allegations set forth in paragraph “169” of the Complaint, except admit that a C-summons was issued to Plaintiff Randall to appear on March 18, 2025 in New York County Criminal Court.

170. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “170” of the Complaint.

171. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the Complaint as they pertain to the disposition of any criminal charges and deny the remaining allegations.

172. Deny the allegations set forth in paragraph "172" of the Complaint.

173. Deny the allegations set forth in paragraph "173" of the Complaint.

174. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the Complaint.

175. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the Complaint.

176. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the Complaint.

177. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the Complaint.

178. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Complaint.

179. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Complaint.

180. Deny the allegations set forth in paragraph "180" of the Complaint.

181. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the Complaint.

182. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the Complaint.

183. Deny the allegations set forth in paragraph "183" of the Complaint, except admit

that Plaintiff Kelmar was eventually arrested and handcuffed using plastic flex-cuffs in the street.

184. Deny the allegations set forth in paragraph "184" of the Complaint, except admit that Plaintiff Kelmar was put into a police van.

185. Admit the allegations set forth in paragraph "185" of the Complaint.

186. Deny the allegations set forth in paragraph "186" of the Complaint, except admit that at certain points while at the 7th Precinct, Plaintiff Kelmar was kept in a cell.

187. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the Complaint.

188. Deny the allegations set forth in paragraph "188" of the Complaint

189. Deny the allegations set forth in paragraph "189" of the Complaint

190. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the Complaint, except admit that after several hours, Plaintiff Kelmar was released from custody.

191. Deny the allegations set forth in paragraph "191" of the Complaint, except admit that Plaintiff Kelmar was issued a C-summons to appear on March 18, 2025 in New York County Criminal Court.

192. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the Complaint.

193. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "193" of the Complaint as they pertain to the disposition of any criminal charges and deny the remaining allegations.

194. Deny the allegations set forth in paragraph "194" of the Complaint.

195. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph “195” of the Complaint.

196. Deny the allegations set forth in paragraph “196” of the Complaint.

197. Deny the allegations set forth in paragraph “197” of the Complaint.

198. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “198” of the Complaint.

199. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “199” of the Complaint.

200. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “200” of the Complaint.

201. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “201” of the Complaint.

202. Deny the allegations set forth in paragraph “202” of the Complaint, except admit that Plaintiff Anderson’s hands were placed into plastic flex-cuffs behind his back incident to his arrest.

203. Deny the allegations set forth in paragraph “203” of the Complaint, except admit that Plaintiff Anderson was put in a police van.

204. Admit the allegations set forth in paragraph “204” of the Complaint.

205. Deny the allegations set forth in paragraph “205” of the Complaint, except admit that at certain points while at the 7th Precinct, Plaintiff Anderson was kept in a cell.

206. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “206” of the Complaint.

207. Deny the allegations set forth in paragraph “207” of the Complaint

208. Deny the allegations set forth in paragraph “208” of the Complaint

209. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "209" of the Complaint, except admit that after several hours in custody, Plaintiff Anderson was released from custody.

210. Deny the allegations set forth in paragraph "210" of the Complaint, except admit that a C-summons was issued to Plaintiff Anderson to appear on March 18, 2025 in New York County Criminal Court.

211. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the Complaint.

212. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the Complaint as they pertain to the disposition of any criminal charges and deny the remaining allegations.

213. Deny the allegations set forth in paragraph "213" of the Complaint.

214. Deny the allegations set forth in paragraph "214" of the Complaint.

215. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "215" of the Complaint.

216. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "216" of the Complaint.

217. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "217" of the Complaint.

218. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "218" of the Complaint.

219. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "219" of the Complaint.

220. Deny the allegations set forth in paragraph “220” of the Complaint.

221. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “221” of the Complaint.

222. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “222” of the Complaint.

223. Deny the allegations set forth in paragraph “223” of the Complaint.

224. Deny the allegations set forth in paragraph “224” of the Complaint, except admit that Plaintiff Lu was told to put her hands behind her back and handcuffed with plastic zip-ties.

225. Admit the allegations set forth in paragraph “225” of the Complaint.

226. Admit the allegations set forth in paragraph “226” of the Complaint.

227. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “227” of the Complaint.

228. Deny the allegations set forth in paragraph “228” of the Complaint.

229. Deny the allegations set forth in paragraph “229” of the Complaint.

230. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “230” of the Complaint, except admit that while at the 7th Precinct, Plaintiff Lu kept in a cell.

231. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “209” of the Complaint.

232. Deny the allegations set forth in paragraph “232” of the Complaint.

233. Deny the allegations set forth in paragraph “233” of the Complaint.

234. Deny the allegations set forth in paragraph “234” of the Complaint.

235. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "235" of the Complaint, except admit that after several hours, Plaintiff Lu was released from custody.

236. Deny the allegations set forth in paragraph "236" of the Complaint, except admit that a C-summons was issued to Plaintiff Lu to appear on March 18, 2025 in New York County Criminal Court.

237. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "237" of the Complaint.

238. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "238" of the Complaint as they pertain to the disposition of any criminal charges and deny the remaining allegations.

239. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "239" of the Complaint insofar as they pertain to whether Plaintiff Lu was pregnant on February 27, 2025 and deny the remaining allegations.

240. Deny the allegations set forth in paragraph "240" of the Complaint.

241. Deny the allegations set forth in paragraph "241" of the Complaint.

**AS TO THE "FIRST CLAIM FOR RELIEF"**

242. In response to the allegations set forth in paragraph "242" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

243. Deny the allegations set forth in paragraph "243" of the Complaint.

244. Deny the allegations set forth in paragraph "244" of the Complaint.

245. Deny the allegations set forth in paragraph "245" of the Complaint.

246. Deny the allegations set forth in paragraph "246" of the Complaint.

247. Deny the allegations set forth in paragraph "247" of the Complaint.

248. Deny the allegations set forth in paragraph "248" of the Complaint.

249. Deny the allegations set forth in paragraph "249" of the Complaint, including all discrete subparts.

250. Deny the allegations set forth in paragraph "250" of the Complaint.

251. Deny the allegations set forth in paragraph "251" of the Complaint.

**AS TO THE "SECOND CLAIM FOR RELIEF"**

252. In response to the allegations set forth in paragraph "252" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

253. Deny the allegations set forth in paragraph "253" of the Complaint.

254. Deny the allegations set forth in paragraph "254" of the Complaint.

255. Deny the allegations set forth in paragraph "255" of the Complaint.

256. Deny the allegations set forth in paragraph "256" of the Complaint.

257. Deny the allegations set forth in paragraph "257" of the Complaint.

**AS TO THE "THIRD CLAIM FOR RELIEF"**

258. In response to the allegations set forth in paragraph "258" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

259. Deny the allegations set forth in paragraph "259" of the Complaint.

260. Deny the allegations set forth in paragraph "260" of the Complaint.

261. Deny the allegations set forth in paragraph "261" of the Complaint.

262. Deny the allegations set forth in paragraph "262" of the Complaint.

263. Deny the allegations set forth in paragraph "263" of the Complaint.

264. Deny the allegations set forth in paragraph "264" of the Complaint.

265. Deny the allegations set forth in paragraph "265" of the Complaint.

**AS TO THE "FOURTH CLAIM FOR RELIEF"**

266. In response to the allegations set forth in paragraph "266" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

267. Deny the allegations set forth in paragraph "267" of the Complaint.

268. Deny the allegations set forth in paragraph "268" of the Complaint.

269. Deny the allegations set forth in paragraph "269" of the Complaint.

**AS TO THE "FIFTH CLAIM FOR RELIEF"**

270. In response to the allegations set forth in paragraph "270" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

271. Deny the allegations set forth in paragraph "271" of the Complaint.

272. Deny the allegations set forth in paragraph "272" of the Complaint.

273. Deny the allegations set forth in paragraph "273" of the Complaint.

274. Deny the allegations set forth in paragraph "274" of the Complaint.

**AS TO THE "SIXTH CLAIM FOR RELIEF"**

275. In response to the allegations set forth in paragraph "275" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

276. The allegations set forth in paragraph "276" of the Complaint, including all discrete subparts, do not contain averments of fact which require a response.

277. Deny the allegations set forth in paragraph "277" of the Complaint.

278. Deny the allegations set forth in paragraph "278" of the Complaint.

279. Deny the allegations set forth in paragraph "279" of the Complaint.

280. Deny the allegations set forth in paragraph "280" of the Complaint.

281. Deny the allegations set forth in paragraph "281" of the Complaint.

282. Deny the allegations set forth in paragraph "282" of the Complaint.

283. Deny the allegations set forth in paragraph "283" of the Complaint; insofar as this paragraph contains conclusions of law, no response is required.

**AS TO THE "SEVENTH CLAIM FOR RELIEF"**

284. In response to the allegations set forth in paragraph "284" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

285. Deny the allegations set forth in paragraph "285" of the Complaint.

286. Deny the allegations set forth in paragraph "286" of the Complaint; insofar as this paragraph contains conclusions of law, no response is required.

287. Deny the allegations set forth in paragraph "287" of the Complaint; insofar as this paragraph contains conclusions of law, no response is required.

288. Deny the allegations set forth in paragraph "288" of the Complaint.

289. Deny the allegations set forth in paragraph "289" of the Complaint.

290. Deny the allegations set forth in paragraph "290" of the Complaint.

291. Deny the allegations set forth in paragraph "291" of the Complaint.

292. The allegations set forth in paragraph "292" of the Complaint do not contain averments of fact which require a response.

293. The allegations set forth in paragraph "293"of the Complaint do not contain averments of fact which require a response.

294. The allegations set forth in paragraph "294" of the Complaint do not contain averments of fact which require a response.

295. The allegations set forth in paragraph "295" of the Complaint do not contain averments of fact which require a response.

296. The allegations set forth in paragraph "296" of the Complaint do not contain averments of fact which require a response.

297. Deny the allegations set forth in paragraph "297" of the Complaint.

298. Deny the allegations set forth in paragraph "298" of the Complaint.

299. Deny the allegations set forth in paragraph "299" of the Complaint.

**AS TO THE "EIGHTH CLAIM FOR RELIEF"**

300. In response to the allegations set forth in paragraph "300" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

301. Deny the allegations set forth in paragraph "301" of the Complaint.

302. Deny the allegations set forth in paragraph "302" of the Complaint.

303. Deny the allegations set forth in paragraph "303" of the Complaint.

304. Deny the allegations set forth in paragraph "304" of the Complaint.

305. The allegations set forth in paragraph "305" of the Complaint do not contain averments of fact which require a response.

306. The allegations set forth in paragraph "306" of the Complaint do not contain averments of fact which require a response.

307. The allegations set forth in paragraph "307" of the Complaint do not contain averments of fact which require a response.

308. The allegations set forth in paragraph "308" of the Complaint do not contain averments of fact which require a response.

309. The allegations set forth in paragraph "309" of the Complaint do not contain averments of fact which require a response.

310. Deny the allegations set forth in paragraph "310" of the Complaint; insofar as this paragraph contains conclusions of law, no response is required.

## AS TO THE "NINTH CLAIM FOR RELIEF"

311. In response to the allegations set forth in paragraph "311" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

312. Deny the allegations set forth in paragraph "312" of the Complaint.

313. Deny the allegations set forth in paragraph "313" of the Complaint.

314. Deny the allegations set forth in paragraph "314" of the Complaint.

315. Deny the allegations set forth in paragraph "315" of the Complaint.

316. Deny the allegations set forth in paragraph "316" of the Complaint.

317. Deny the allegations set forth in paragraph "317" of the Complaint.

318. Deny the allegations set forth in paragraph "318" of the Complaint.

319. Deny the allegations set forth in paragraph "319" of the Complaint.

320. Deny the allegations set forth in paragraph "320" of the Complaint.

321. Deny the allegations set forth in paragraph "321" of the Complaint.

**AS TO THE "DEMAND FOR A JURY TRIAL"**

322. Paragraph "322" of the Complaint is a demand for a jury trial and, therefore, no response is required.

**AS TO THE "DEMAND FOR JUDGMENT"**

323. Paragraph "323" of the Complaint including all subparts is a wherefore clause, and, therefore, is not an averment of fact to which a response is required.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

324. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

325. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

326. Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of third parties and was not the proximate result of any act of any Defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

327. Plaintiffs may have failed to mitigate their alleged damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

328. Punitive damages cannot be assessed against defendant City of New York because punitive damages are to be assessed against the State or its political subdivisions.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

329. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

330. There was probable cause for Plaintiffs' arrest, detention and prosecution because they, *inter alia*, failed to abide by numerous lawful orders to move their protest to the adjacent sidewalk and stop disrupting pedestrian traffic.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

331. Any claims arising under New York State law may be barred, in whole or in part, by reason of Plaintiffs' failure to comply with the requirements of the N.Y. Gen. Mun. Law § 50-(e), (h) and/or (i).

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

332. Plaintiffs' claims may be barred in whole or in part by the applicable statutes of limitations.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

333. At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

334. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

335. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

336. To the extent that one or more Defendants used any force, it was reasonable, justified, and necessary to accomplish Defendants' official duties and to protect their own physical safety and the safety of others.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

337. Plaintiffs provoked any incident.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**:

338. At all times relevant to the acts alleged in the Complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on any state law claims.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:**

339. Plaintiffs' claims may be barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk because, *inter alia*, Plaintiffs failed to abide by numerous lawful dispersal orders.

**[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]**

**WHEREFORE,** Defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 28, 2026

STEVEN BANKS
Corporation Counsel
of the City of New York
*Attorney for Defendants*
100 Church Street
New York, NY 10007
(212) 356-2599

By: /s/ Zoe Reszytniak
Zoe Reszytniak
*Assistant Corporation Counsel*

**CC:** **VIA ECF**
All Counsel of Record